UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EGOR GASILOV,

Petitioner,

v. Case No. 3:26-cv-2020-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

Petitioner Egor Gasilov, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 5, 2026. Gasilov, a citizen of Russia, was paroled into the United States on November 3, 2021. Doc. 5-2 at 2. United States Immigration and Customs Enforcement detained Gasilov on July 17, 2026. Doc. 5-5 at 1. The crux of Gasilov's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[1] See Doc. 1 at 8–9. As relief, he seeks, inter alia, immediate release. Id. at 9.

---

[1] The Federal Respondent understands the Petition to raise a claim under the Immigration and Nationality Act. See generally Doc. 5. Therefore, the Court construes the Petition to assert a claim under that statute. See United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Gasilov, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Gasilov was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Gasilov's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act. Within **seven days** of this Order, Respondents shall either afford Gasilov an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Gasilov, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 4) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of September, 2026.

Marcia Morales Howard

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/10
c:
Egor Gasilov, #A220761434
Counsel of Record